IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JULIETTE MARIE McSHANE,

                                      Civil No. 08-1443-MO

      Petitioner,

   v.

NANCY HOWTON,

                                OPINION AND ORDER

      Respondent.

     Kristina Hellman
     Assistant Federal Public Defender
     101 S.W. Main Street, Suite 1700
     Portland, Oregon 97204

         Attorney for Petitioner

     John R. Kroger
     Attorney General
     Summer R. Gleason
     Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97310

         Attorneys for Respondent

  1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which she seeks to challenge the legality of her underlying state convictions for Assault, Burglary, Kidnapping, and Robbery. For the reasons that follow, the Petition for Writ of Habeas Corpus (#3) is denied.

## BACKGROUND

In 2005, petitioner was indicted on charges of Assault in the Second Degree, Burglary in the Second Degree, two counts of Kidnapping in the Second Degree, Robbery in the First Degree, Theft in the First Degree, Unauthorized Use of a Vehicle, and Attempted Aggravated Murder. Respondent's Exhibit 102. The charges were based on an incident wherein petitioner and her co-defendant restrained the 82-year old victim, hit her with a wrench, sprayed her with a fire extinguisher, and burglarized her home.

Petitioner entered a guilty plea to Assault in the Second Degree, Burglary in the First Degree, Kidnapping in the Second Degree, and Robbery in the First Degree. Respondent's Exhibit 103. In exchange, the State dropped the rest of the charges, and the trial court imposed a stipulated sentence totaling 230 months in prison. Respondent's Exhibit 105.

Petitioner did not take a direct appeal, but she did file for post-conviction relief ("PCR") in Washington County where the PCR trial court denied relief on all of her claims. Respondent's

2 - OPINION AND ORDER

Exhibits 122-123.  The Oregon Court of Appeals summarily affirmed the PCR trial court's decision, and the Oregon Supreme Court denied review.  Respondent's Exhibits 127, 129.

Petitioner filed her Petition for Writ of Habeas Corpus on December 11, 2008 raising a variety of claims.  Respondent asks the court to deny relief on the Petition because petitioner failed to fairly present any of her claims to Oregon's state courts, and those claims are now procedurally defaulted.

<u>**DISCUSSION**</u>

A habeas petitioner must exhaust her claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims.  *Rose v. Lundy*, 455 U.S. 509, 519 (1982).  "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'"  *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).  If a habeas litigant failed to present her claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review.  *Castille*

3 - OPINION AND ORDER

*v. Peoples*, 489 U.S. 346, 351 (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

A petitioner is deemed to have "procedurally defaulted" her claim if she failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In this case, petitioner asked the PCR trial court to conclude that she had suffered from the ineffective assistance of trial counsel when counsel misadvised her regarding the possible sentence she might face if she proceeded to trial, thereby leading her to enter an unknowing guilty plea. The PCR trial court issued a lengthy written decision denying relief. Respondent's Exhibit 122.

Petitioner next filed an Appellant's Brief in which she raised a single assignment of error: whether the PCR trial court properly determined that trial counsel adequately informed her with regard to the consequences of pleading guilty. Respondent's Exhibit 124. There is no question that she predicated her ineffective assistance

of counsel claim on the federal Constitution.  Respondent's Exhibit
124, pp. 21-24.

The State did not brief the merits of petitioner's assignment
of error, and instead asked the Oregon Court of Appeals to simply
issue an order summarily affirming the PCR trial court's decision
on the basis that the appeal presented no "substantial question of
law" because "petitioner provides no argument as to how the post-
conviction court erred by denying relief" as required by Oregon
state law.  Respondent's Exhibit 125, pp. 2-3.  It therefore asked
the Oregon Court of Appeals not to consider the arguments raised in
the Appellant's Brief because the brief "simply asks this court to
view the evidence in her favor where the post-conviction court did
not.  That cannot be done." *Id* at 3.

Petitioner characterized the Motion for Summary Affirmance as
the State's attempt "to prevail in this matter without having to
file a respondent's brief or prepare for oral argument."
Respondent's Exhibit 126, p. 1.  She disagreed with this approach
to her case, and made it exceedingly clear that she did not expect
the Oregon Court of Appeals to address her case on its merits if it
granted the Motion for Summary Affirmance.  "[T]here was a
significant legal issue raised in the appellant brief.  In the end,
petitioner may or may not prevail on this issue.  However, **at a
minimum, she should be entitled to have the Court of Appeals
consider her case on its legal merits.**  Accordingly, this court

5 - OPINION AND ORDER

should deny the motion for summary affirmance." *Id* at 2 (emphasis added).

The Oregon Court of Appeals granted the State's Motion for Summary Affirmance without explanation, and without requiring the State to address the merits of the assignment of error in any way. Respondent's Exhibit 127.

The Oregon Court of Appeals was essentially presented with a procedural question predicated on its interpretation of state law: whether petitioner had sufficiently identified portions of the PCR trial court's decision with which she disagreed so as to present a "substantial question of law" as required by state law.  At that point, petitioner's case transitioned from focusing on a federal constitutional claim, to one which focused on whether her appeal would be dismissed on state law grounds.  Because the Oregon Court of Appeals simply granted the Motion for Summary Affirmance, it did not consider petitioner's case on its merits.

The court is aware that ORS 138.660, the statute which governs summary affirmance in Oregon, expressly states that "[a] dismissal of the appeal under this section shall constitute a decision upon the merits of the appeal."  However, as discussed above, it is clear from the record that the Oregon Court of Appeals did not reach the merits of petitioner's federal  claims because of its interpretation of state law.  Nowhere is this clearer than petitioner's own statements in opposition to the Motion for Summary

affirmance wherein she urged the appellate court to deny the Motion so that it could consider her case on its legal merits. Respondent's Exhibit 126, p. 1.   While summary affirmance is considered to be a disposition "upon the merits" for purposes of state law, it does not automatically satisfy the fair presentation requirement applicable to 28 U.S.C. § 2254 habeas cases.[1]

Even assuming that one could conclude that a state appeal dismissed on state law grounds in the absence of any merits briefing by the prevailing party is sufficient to fairly present a federal constitutional claim, it is clear from petitioner's Petition for Review that the Oregon Supreme Court did not have an opportunity to rule upon the federal constitutional claim at issue. In her Petition for Review to the Oregon Supreme Court, petitioner presented the following question:

> Did the Court of Appeals err in granting the state's motion for summary affirmance in an appellate action where petitioner had argued that in the underlying criminal case she was denied her constitutional right to effective assistance of counsel and that the post-conviction court erred in dismissing her petition for post-conviction relief based on that issue?

Respondent's Exhibit 128, p. 1.   Thus, her question was limited to whether the appellate court erred in its determination that she

---

[1]   In this regard, summary affirmance in the context of this case not only shows that petitioner failed to fairly present his claim to the state courts because he raised it in a context in which the merits were not considered, but also operates as an independent and adequate state law bar to petitioner's claim.   *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) (precluding federal court review of a claim which was denied in state court based on an independent and adequate state procedural rule).

failed to present a "substantial question of law" as that phrase has been interpreted by Oregon's state courts.

In the "Reason for Reversal" section of her Petition for Review, petitioner stated, "Contrary to the ruling of the [PCR trial court], petitioner was denied effective assistance of counsel at the trial level. This was a meritorious issue that the Court of Appeals should have afforded full consideration." *Id.*

Petitioner's prayer for review in the Oregon Supreme Court "respectfully pray[ed] that [the Oregon Supreme Court] review and reverse the Court of Appeals order granting the state's motion for summary affirmance." *Id.* She did not ask for relief from her criminal conviction and a new criminal trial based upon the ineffective assistance of counsel. Thus, had petitioner prevailed, the Oregon Supreme Court would have reversed the decision of the Oregon Court of Appeals and remanded with instructions to deny the Motion for Summary Affirmance, an action which would have required the Oregon Court of Appeals to proceed with the case, set a briefing schedule, and give "full consideration" to the constitutional claim as requested by petitioner.

It is clear from the record that petitioner asked the Oregon Supreme Court to find fault solely with the Oregon Court of Appeals' finding that she failed to raise a substantial question of

law.[2]    While petitioner briefly cited to portions of her Appellant's Brief wherein she had argued the merits of her ineffective assistance of counsel claim, she clearly did so in an attempt to persuade the Oregon Supreme Court to reverse the Oregon Court of Appeals' state law determination underlying its decision to grant summary affirmance.[3]  *Id.*

Based on this record, petitioner did not fairly present her federal constitutional claim to the Oregon Supreme Court for a merits decision, but rather challenged only the appellate court's state law determination that she failed to present a substantial question of law.  While it is true that petitioner's ineffective assistance of counsel claim could be found at each level of her PCR proceedings, she failed to present her ineffective assistance of counsel claim in a procedural context in which the merits were actually considered.  This does not satisfy the exhaustion requirement, which is designed "to avoid the unnecessary friction

---

[2]    This appears to have been her only recourse since the Oregon Court of Appeals did not truly consider her claim on its merits, thus leaving it unpreserved for review by the Oregon Supreme Court.  *See* O.R.A.P. 9.20(2)(questions before the Oregon Supreme Court include only questions properly before the Court of Appeals which the petition for review claims were erroneously decided by that court). Petitioner's choice to limit her Petition for Review to the state law determination of "substantial question of law" supports this court's finding that the Oregon Court of Appeals did not resolve her assignment of error on its merits.

[3]    In fact, as recounted above, to the extent petitioner took issue with a merits ruling on her ineffective assistance of counsel claim, it was with the PCR trial court's decision, not that of the Oregon Court of Appeals.  Respondent's Exhibit 128, p. 1.

9 - OPINION AND ORDER

between the federal and state court systems that would result if a
lower federal court upset a state court conviction without first
giving the state court system an opportunity to correct its own
constitutional errors." *Preiser v. Rodriguez*, 411 U.S. 475, 490
(1973).

Finally, petitioner's assertion that she fairly presented her
PCR claims to Oregon's state courts is barred by the doctrine of
judicial estoppel. "Judicial estoppel, sometimes also known as the
doctrine of preclusion of inconsistent positions, precludes a party
from gaining an advantage by taking one position, and then seeking
a second advantage by taking an incompatible position." *Rissetto v.
Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir.
1996). "Judicial estoppel is an equitable doctrine that is
intended to protect the integrity of the judicial process by
preventing a litigant from 'playing fast and loose with the
courts.'" *Wagner v. Professional Engineers in California
Government*, 354 F.3d 1036, 1044 (9th Cir. 2004) (citing *Russell v.
Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990). "[J]udicial estoppel
applies to a party's stated position, regardless of whether it is
an expression of intention, a statement of fact, or a legal
assertion. *Helfand v. Gerson*, 105 F.3d 530, 535 (9th Cir. 1997).

As recounted above, petitioner urged the Oregon Court of
Appeals not to grant summary affirmance because such a decision
would prevent it from reaching the legal merits of her case.

10 - OPINION AND ORDER

Respondent's Exhibit 126, p. 1.  When the Oregon Court of Appeals granted the Motion for Summary Affirmance, she complained to the Oregon Supreme Court that the appellate court was in error because it did not consider the merits of her assignment of error.  Now, in this habeas case, she asks the court to conclude that the ineffective assistance of counsel claim she argues in her briefing was fairly presented to the state courts, a finding which would require the court to conclude that her claim was presented in a procedural context in which the merits were actually considered. *See Castille*, supra.  This reasoning is directly contrary to the reasoning she presented to the Oregon Supreme Court in her Petition for Review.  Petitioner is therefore precluded from arguing that the merits of her claim were actually considered, thus she is also precluded from arguing that she fairly presented her claim to Oregon's state courts.

For all of these reasons, the court finds that petitioner failed to fairly present any federal constitutional claims to the Oregon Supreme Court.  Because the time for doing so passed long ago, all of the claims in the Petition for Writ of Habeas Corpus are procedurally defaulted.  Petitioner does not argue cause and prejudice, nor does she make a colorable showing of actual innocence sufficient to excuse her default.

## CONCLUSION

11 - OPINION AND ORDER

For the reasons identified above, the Petition for Writ of Habeas Corpus (#3) is DENIED.  The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __17__ day of May, 2010.

                    /s/Michael W. Mosman
                    Michael W. Mosman
                    United States District Judge

12 – OPINION AND ORDER